# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# ABILENE DIVISION

| | |
|---|---|
| Nathan Hill,<br><br>                                    Plaintiff,<br><br>v.<br><br>Union Pacific Railroad Co.,<br><br>                                    Defendant. | Case No. 1:19-cv-108<br><br>**COMPLAINT**<br>(JURY TRIAL DEMANDED) |

Plaintiff Nathan Hill ("Hill") files this Complaint against Defendant Union Pacific Railroad Co. ("Union Pacific") for damages resulting from its violation of the Americans with Disabilities Act, 42 U.S.C § 12101 *et seq.*, as amended ("ADA").

## PARTIES

1.   Hill is an individual who, during the events giving rise to his claims herein, resided and worked for Union Pacific in Abilene, Texas.

2.   Union Pacific is a railroad carrier engaged in interstate commerce. It operates trains throughout the Northern District of Texas, and is headquartered in Omaha, Nebraska and may be served by serving its registered agent CT Corporation System at 1999 Bryan St., St. 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

3.   This Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

4.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Hill's claims occurred in this district.

## FACTUAL ALLEGATIONS

5. Union Pacific hired Hill in 2012.

6. Hill suffers from cataracts.

7. Hill can nevertheless pass the Federal Railroad Administration's vision test.

8. Hill's cataracts have never prevented him from safely performing his job's essential functions.

9. In March of 2014, Hill had surgery for his cataracts.

10. The surgery improved Hill's vision.

11. In March of 2014, Hill was cleared to return to work without restrictions by a specialist.

12. Between 2012 and 2014, Union Pacific instituted a policy of using its employees medical leaves to justify obtaining their medical records regardless of whether it has an objectively reasonable belief that they cannot safely perform their job's essential functions and then using information in those records to rationalize issuing draconian restrictions against them that prevent them from holding almost any job at the company irrespective of whether it has an objectively reasonable belief that they cannot safely perform their job's essential functions.

13. Pursuant to its unlawful policy, Union Pacific used Hill's leave to justify obtaining his medical records despite not having an objectively reasonable belief that he could not safely perform his job's essential functions.

14. The information in the records Union Pacific illegally obtained do not demonstrate that Hill cannot safely perform his job's essential functions.

15. Pursuant to its unlawful policy, Union Pacific nevertheless used information about Hill's cataracts in the records it had illegally obtained to justify issuing draconian

restrictions against him, which effectively prevent him from holding almost any job at the company.

16. Hill can still pass the FRA's vision test and safely perform his job's essential functions.

## CAUSES OF ACTION

### COUNT I
### DISABILITY DISCRIMINATION, IN VIOLATION OF THE ADA

17. Section 12112(a) of the ADA prohibits employers from discriminating against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

18. At all relevant times, Hill was an individual with a disability under the ADA.

19. Hill is a qualified individual under the ADA.

20. Union Pacific discriminated against Hill on the basis of disability when it refused to allow him to return to his job following his approved medical leave of absence.

21. Because Union Pacific violated 42 U.S.C. § 12112, Hill has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. Hill is also entitled to attorneys' fees and costs incurred in connection with these claims.

22. Union Pacific committed the above-alleged acts with reckless or deliberate disregard for Hill's rights. As a result, Hill is entitled to punitive damages.

### COUNT II
### FAILURE TO ACCOMODATE, IN VIOLATION OF THE ADA

23. At all relevant times, Hill was an individual with a disability under the

ADA.

24. Union Pacific was aware of Hill's disability.

25. Discriminating against a qualified individual with a disability includes:

> [N]ot making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity[.]

42 U.S.C. § 12112(b)(5)(A).

26. If Union Pacific believed that Hill's disability prevented him from performing any essential function of his job, it had a duty to explore whether a reasonable accommodation existed that would allow Hill to perform the essential functions of his job.

27. Union Pacific failed to engage with Hill in the interactive process, and failed to offer reasonable accommodation to Hill.

28. Because Union Pacific violated 42 U.S.C. § 12112, Hill has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. Hill is also entitled to attorneys' fees and costs incurred in connection with these claims.

29. Union Pacific committed the above-alleged acts with reckless disregard or deliberate disregard for Hill's rights and safety. As a result, Hill is entitled to punitive damages.

## COUNT III
## IMPERMISSIBLE MEDICAL EXAMINTION, IN VIOLATION OF THE ADA

30. At all relevant times, Hill was an individual with a disability under the ADA.

31. Section 12112(d)(1) of the ADA defines "discriminat[ing] against a qualified individual on the basis of disability" as including certain medical examinations

and inquiries.

32. Section 12112(d)(4) of the ADA prohibits employers from "requir[ing] a medical examination and [from]. . . mak[ing] inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity"

33. Union Pacific discriminated against Hill on the basis of disability by making inquiry into Hill's medical records, in violation of 42 U.S.C. § 12112(d)(4).

34. Because Union Pacific violated 42 U.S.C. § 12112, Hill has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. Hill is also entitled to attorneys' fees and costs incurred in connection with these claims.

35. Union Pacific committed the above-alleged acts with reckless disregard or deliberate disregard for Hill's rights and safety. As a result, Hill is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Hill prays for judgment against Union Pacific as follows:

36. That the practices of Union Pacific complained of herein be determined and adjudged to constitute violations of the ADA;

37. For an injunction against Union Pacific and its directors, officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

38. For an award of damages arising from loss of past and future income,

emotional distress, and other compensatory damages in an amount to be determined by the trier of fact;

39. For an award of pre-judgment interest, as provided by law;

40. For an award of Hill's costs, disbursements and attorneys' fees pursuant to law;

41. For all relief available under the ADA;

42. For such other and further relief available by statute; and

43. For such other and further relief as the Court deems just and equitable.

Dated: May 10, 2019

/s/ *Nicholas D. Thompson*
Nicholas D. Thompson (MN#0389609)*
nthompson@moodyrrlaw.com
THE MOODY LAW FIRM, INC.
500 Crawford St., Suite 200
Portsmouth, VA 23704
Telephone: (757) 393-4093
Fax: (757) 397-7257

*/s/ John R. "Scotty" MacLean*
**John R. "Scotty" MacLean**
State Bar No. 00787942
MACLEAN LAW FIRM, P.C.
4916 Camp Bowie Blvd.
Ft. Worth, TX 76107
817-529-1000 (Telephone)
817-698-9401 (Facsimile)
smaclean@macleanfirm.com
**ATTORNEYS FOR PLAINTIFF**

*Pro Hac Vice* application forthcoming